IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BOYEDE OLAJIDE,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, et al.,<br><br>Defendants. | Case No. 18-cv-03991-CRB<br><br>**ORDER GRANTING IN FORMA PAUPERIS STATUS, DISMISSING CASE, AND DENYING TEMPORARY RESTRAINING ORDER** |

Pro se plaintiff Ronald Olajide, a frequent litigant before this Court, has filed suit against Edmund G. Brown, the Governor of California, and Xavier Becerra, the Attorney General of California, alleging that his civil rights were violated. See Compl. (dkt. 1); see also case nos. 4:12-cr-00421-YGR, 4:12-cr-00421-YGR-1; 4:12-cr-00422-CW; 4:12-cr-00422-CW-1; 4:12-cr-00752-PJH; 4:12-cr-00752-PJH-1; 4:12-cr-00781-PJH; 4:12-cr-00781-PJH-1; 4:12-cr-00782-SBA; 4:12-cr-00782-SBA-1; 3:18-cv-03151-WHA; 4:12-cv-05512-PJH; 4:12-cv-05603-PJH; 4:13-mc-80025-PJH; 4:13-cv-01232-PJH; 3:12-cv-04303-JD. Plaintiff has also filed a Motion for a Temporary Restraining Order ("TRO") (dkt. 2) and a Motion for Leave to Proceed in Forma Pauperis ("IFP") (dkt. 4) in this case.

A complaint filed by any person proceeding, or seeking to proceed, IFP under 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Having reviewed Plaintiff's Complaint,

the Court finds that it fails to state a cognizable claim for relief.[1] The Court therefore GRANTS Plaintiff's Motion for IFP status and DISMISSES the Complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also DENIES AS MOOT the Motion for a TRO.

The Complaint in this case is rambling and hard to comprehend. It identifies Plaintiff as "a natural person of God's creation who's travels originate from the land known as Africa," and makes lengthy, confusing allegations about slavery and institutional racism. See, e.g., Compl. ¶ 3, ¶ 8 ("At all times relevant to this action Respondent knew or should have known that as a natural person of African descent Petitioner hasn't any civil right or power granted by any State or Territory of the United States to benefit from any laws and proceedings for the security of his person and property because in the year 1787 white citizens acting under color of their respective State Constitutions exercised civil rights belonging to their respective States to make and enforce agreements that classified people of African descent enslaved by white citizens at the time of its ratification and adoption, as three fifth of a person with no civil rights for their Government to respect this fact is evidence in Article 1 section 2 of the U.S. Constitution.");[2] see also Order Dismissing Claims Sua Sponte (dkt. 6) in 3:18-cv-03151-WHA at 2 ("There are further references to the history of slavery in this country and that he is of African American descent but how these circumstances would give rise to a claim against Governor Brown is not explained.").

---

[1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). Pro se pleadings are generally liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, courts may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

[2] The Motion for TRO similarly asserts that "The Nature of Petitioner's Claim for relief is founded upon white citizens acting upon color of their respective State Constitutions to enjoy the benefit of using their state Civil Rights to make and enforce contractual agreements evidenced in the U.S. Constitution as the 'supreme Law of the Land' to classify natural persons of African descent enslaved at the time of its ratification and adoption as 'three fifths' of a person." Motion for TRO ¶ 1.

Setting aside its sweeping language about historical injustices, the Complaint complains specifically about the Franchise Tax Board's having informed Plaintiff of his obligation to pay income tax to the State of California. See Compl. ¶ 14. The Complaint attaches two exhibits. The first is a February 20, 2018 "Demand for Tax Return" sent by the Franchise Tax Board to Plaintiff. Id. Ex. A. The Demand states, among other things, "We believe you need to file a 2016 California income tax return," and requires a response by March 28, 2018. Id. The second is an April 4, 2018 "Notice of State Income Tax Due," alleging that Plaintiff owes $1,801.38 by April 19, 2018. Id. Ex. B. Plaintiff filed his Complaint in July of 2018, after both of these deadlines had passed.

The Complaint includes a single cause of action, for violation of 42 U.S.C. §§ 1981 and 1983. Compl. ¶ 31. It asserts that defendants are violating Plaintiff's civil rights "by the taking and usage of his private name in an evidence of public Debt created in the State of California that has no lawful power to coin money, caused by the Respondents' actions under color of state law to execute and enforce Laws causing Petitioner to be subjected to the involuntary performance and payment of obligations and debts that he hasn't any contractual obligation to perform of pay for." Id. Elsewhere in the Complaint, Plaintiff alleges that "this type of demand"—presumably, that he pay California income tax—violates his rights because it denies him equal protection, because he is not a party to a bona fide contract, because it constitutes involuntary servitude under the Thirteenth Amendment, because it is improper without a warrant, and because "as a black man created by the God of Nature, [he] is not the property of any persons or people of the State of California." Id. ¶ 17.

Plaintiff has failed to state a claim under section 1981 because his own Complaint alleges that "he isn't a party to any bona-fide contract." See id.; Zimmerman v. City & Cnty. of San Francisco, No. C 93-4045-MJJ, 2000 WL 1071830, at *10 (N.D. Cal. July 27, 2000) ("A 1981 claim must be based upon a contractual relationship.") (citing Patterson v. McClean Credit Union, 491 U.S. 164, 171 (1989), superceded by statute on other grounds as recognized in CBOCS West, Inc. v. Humphries, 553 U.S. 442 (2008)). Plaintiff has

failed to state a claim under section 1983 because he has failed to adequately plead that "an individual acting under color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law." See Levine v. City of Alameda, 525 F.3d 903, 905 (9th Cir. 2008). It is not unconstitutional for the government to require its citizens to pay income tax. See Grimes v. C.I.R., 806 F.2d 1451, 1453 (9th Cir. 1986) ("There can be no doubt that the tax on income is constitutional."); Vix v. Agents for Int'l Monetary Fund, No. 2:13-cv-02093-APG, 2014 WL 1762064, at *4 (D. Nev. Mar. 25, 2014) ("The Ninth Circuit has refused to recognize a constitutional violation arising from the collection of taxes."); see also Order Dismissing Claims Sua Sponte in 3:18-cv-03151-WHA at 2 ("In another thread he complains that the Franchise Tax Board sent him a notice that a company with which he was somehow affiliated owed taxes. But why this would violate any provision of the Federal Constitution is not explained."). Nor does the government violate the Thirteenth Amendment by obligating its citizens to pay income tax. See Beltran v. Cohen, 303 F. Supp. 889, 893 (N.D. Cal. 1969) ("It has been held that the requirements of the tax laws, even if imposing a kind of servitude, do not impose the kind of involuntary servitude referred to it the Thirteenth Amendment."). Nor is the Court aware of any authority requiring that an individual have a contract, be subject to a warrant, or be "the property of any persons or people" in order for the government to collect income tax from him.

Plaintiff's claim is further barred because it apparently asks the Court to enjoin the State of California from collecting taxes. See Compl. ¶ 37 (asking the Court to enjoin Defendants "from taking any actions under color of state law that deprives [Plaintiff] of the quiet unrestrained enjoyment of his Federal Right"); see also Motion for TRO ¶ 7 (same). This request runs afoul of the Tax Injunction Act, which provides that "district courts shall not enjoin, suspend or retrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." See 28 U.S.C. § 1341. There is no exception to the Tax Injunction Act for section 1983 cases. See Hawaiian Tel. Co. v. State Dep't of Labor & Indus. Relations, 691 F.2d 905, 909 (9th

Cir. 1982); see also Berry v. Alameda Bd. of Supervisors, 753 F. Supp. 1508, 1511 (N.D. Cal. 1990) ("By phrasing their attack on the state tax [law] in federal constitutional terms, plaintiffs do not change the required analysis."). Moreover, California provides Plaintiff with a "plain, speedy and efficient remedy" in state court. See Berry, 753 F. Supp. at 1514.

Because Plaintiff has failed to state a claim, and because the Tax Injunction Act would bar any claim challenging the collection of state income tax, the Court DISMISSES the Complaint WITH PREJUDICE. See 28 U.S.C. § 1915(e)(2)(B)(ii); Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (amendment is futile if there is "no set of facts" by which a plaintiff can state a valid and sufficient claim), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court further DENIES the Motion for TRO as moot.[3]

**IT IS SO ORDERED.**

Dated: July 6, 2018

CHARLES R. BREYER
United States District Judge

---

[3] In the alternative, the Court denies the Motion for TRO because Plaintiff is not likely to succeed on the merits of his claim. See Washington v. Trump, 847 F.3d 1151, 1164 (9th Cir. 2017) (setting out legal standard for temporary restraining order).